# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

JONATHAN JOHNSON, )
)
    Petitioner, )
)
v. )     Cr. ID No. 1602004456A
)
THE STATE OF DELAWARE )
(DAG) ALLISON ABESSINIO, )
TIMOTHY WEILER, ESQ. )
)
    Defendants. )

Submitted: March 3, 2020
Decided: May 26, 2020

## COMMISSIONER'S REPORT AND RECOMMENDATION THAT THE (i)PETITION FOR A WRIT OF MANDAMUS SHOULD BE DISMISSED; (ii) PETITION FOR EVIDENTIARY HEARING SHOULD BE DENIED; AND (iii) MOTION TO STAY SHOULD BE DENIED

Allison J. Abessinio, Deputy Attorney General, Department of Justice, Wilmington, Delaware, Attorney for the State of Delaware.

Timothy Weiler, Esquire, Office of Defense Services, Wilmington, Delaware.

Jonathan Johnson, James T. Vaughn Correctional Center, Smyrna, Delaware, *Self-represented.*

**MAYER,** Commissioner

1

This 26th day of May, 2020, upon consideration of the Petition for a Writ of Mandamus,[1] and related pleadings, it is hereby recommended as follows:

## BACKGROUND

Jonathan Johnson ("Petitioner") was charged with sixteen (16) offenses, including eleven (11) felonies, after law enforcement executed a search warrant of his home and located firearms, ammunition, heroin, cocaine and marijuana. Petitioner, with the assistance of Trial Counsel, filed a Motion to Suppress, on the basis that the Search Warrant was issued at 2:10 p.m. but the Police Report indicated the search occurred at 1:08 p.m. – one hour prior.[2] The State filed a response to the Motion and provided the officer's notes showing the time of search to be 3:08 p.m.[3] The State argued that the "scrivener's error" in the Police Report was clarified by the notes and that the search was timely. On February 17, 2017, the Court held a hearing and denied the Motion to Suppress.[4]

On April 25, 2017, Petitioner executed a Plea Agreement and Truth-in-Sentencing Guilty Plea Form. Petitioner agreed to plead guilty to one count of Drug

---

[1] Pursuant to 10 Del. C. §564, the Petition for Writ of Mandamus should have been filed by separate complaint.

[2] D.I. # 22.

[3] D.I. # 28.

[4] *See* D.I. # 29.

Dealing and one count of Possession of a Firearm During the Commission of a Felony. In exchange, the State agreed to enter a *nolle prosequi* for all remaining charges. On October 17, 2018, Petitioner filed a Motion for Postconviction Relief (the "PCR Motion").[5] Briefing on the PCR Motion is complete.

During the pendency of the PCR Motion, Petitioner filed a Petition for a Writ of Mandamus with the Delaware Supreme Court. On April 15, 2020, the Supreme Court refused to issue the Writ of Mandamus.[6]

Petitioner also filed a Petition for a Writ of Mandamus with this Court (the "Petition").[7] In conjunction with the Petition, Petitioner also filed: (1) Affidavit of Fact for Petition for Evidentiary Hearing regarding Petition for Writ of Mandamus;[8] and (2) Motion to Stay[9] the PCR Motion pending a decision on the Supreme Court Petition for a Writ of Mandamus, or the Petition pending in this court.

## PETITION FOR A WRIT OF MANDAMUS

Petitioner seeks a Writ of Mandamus to compel the Attorney General's office or his former trial counsel to produce the chain of custody arrest notes to enable him

---

[5] D.I. # 44.

[6] *See IMO Jonathan Johnson*, Case No. 557, 2019.

[7] D.I. # 75.

[8] D.I. # 78.

[9] D.I. # 81.

3

to further challenge the Search Warrant. Petitioner concedes that the State's Response to the Motion to Suppress attached a copy of the arrest notes.

"A writ of mandamus is an extraordinary remedy" through which this Court orders "a lower court, agency, or public official to perform a nondiscretionary or ministerial duty."[10] "A writ of mandamus is not issued as a matter of right, but rather is within the discretion of the Court.[11] To prevail on his Petition, Petitioner must demonstrate that he has "a clear legal right to the performance of the duty; no other adequate remedy is available, and the lower body has arbitrarily failed or refused to perform that duty."[12] "If the duty is discretionary, the right is doubtful, the power to perform the duty is inadequate or wanting, or if any other adequate remedy exists, then the Petitioner is not entitled to a writ of mandamus."[13] The Petition is legally frivolous because Petitioner has not demonstrated that he has a clear legal right to compel any additional performance, Petitioner has an adequate remedy available to him, and neither the State, nor former counsel, have arbitrarily failed or refused to perform a nondiscretionary or ministerial duty.

---

[10] *Fatir v. Governor of State of Delaware*, 2019 WL 162567, at *1 (Del. Super. Jan. 10, 2019) (citing *Allen v. Coupe*, 2016 WL 676041, at *2 (Del. Super. Feb. 18, 2016)). *See also* 10 Del. C. §564.

[11] *Id.*

[12] *Id,* (quoting *Nicholson v. Taylor*, 2005 WL 2475736, at *2 (Del. Aug. 23, 2005)).

[13] *Id,* (citing *Allen*, 2016 WL 676041, at *2).

4

First, Petitioner had access to the arrest notes prior to his plea and when the State responded to Petitioner's Motion to Suppress. Petitioner may request copies of documents from his case through the Prothonotary's office. Second, adequate remedies have been made available to Petitioner when he litigated the validity of the Search Warrant through the Motion to Suppress, and because he is now challenging it again through the PCR Motion. Third, Petitioner has failed to cite any legal authority that the State or former counsel have failed to perform a legally required duty.

## CONCLUSION

For the foregoing reasons, the Petition for Writ of Mandamus should be DISMISSED and service of process should not issue;

Furthermore, because the Petition for Writ of Mandamus is meritless, the Petition for an Evidentiary Hearing and Motion to Stay should be DENIED.

**IT IS SO RECOMMENDED.**

Commissioner Katharine L. Mayer

oc: Prothonotary
Allison J. Abessinio, Esquire
Jonathan S. Johnson

5